**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN H. PAGE,

    *Plaintiff*,

v.                                                                                        Civil Action No. 24-670 (TJK)

MONICA H. EVANS,

    *Defendant*.

## MEMORANDUM OPINION

Plaintiff, a resident of the District of Columbia proceeding pro se, sues Defendant in her capacity as the Executive Director of the District of Columbia Board of Elections. Invoking the Fourteenth Amendment of the United States Constitution and a grab bag of other legal authorities, Plaintiff seeks declaratory and injunctive relief removing former President Donald J. Trump from appearing as a candidate for federal office on the District of Columbia ballots for the 2024 general election. Defendant moves to dismiss for failure to state a claim. But the Court finds that it lacks subject-matter jurisdiction over this action because Plaintiff has not pleaded a concrete and particularized injury required to confer standing. Thus, it will dismiss the case for that reason.

**I.     Background**

The attack on the U.S. Capitol on January 6, 2021, begat litigation in several states relating to whether anyone involved in that attack is eligible to run for federal office under Section 3 of the Fourteenth Amendment. Many of these cases have been brought by individual voters suing to disqualify certain candidates—including former President Trump—from running for federal office. *See, e.g.*, *Perry-Bey v. Trump*, No. 23-cv-1165, 2023 WL 9051260, at *1 n.2 (E.D. VA. Dec. 29, 2023). This suit is cut from the same cloth.

Section 3 of the Fourteenth Amendment disqualifies certain individuals from holding any office under the United States. It provides that "[n]o person shall . . . hold any office . . . under the United States . . . who, having previously taken an oath . . . as an officer of the United States . . . to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same." U.S. Const. amend. XIV, § 3. "But," it adds, "Congress may by a vote of two-thirds of each House, remove such disability." *Id*.

Plaintiff sued in early March 2024. According to his Complaint, former President Trump is disqualified from holding federal office under Section 3 of the Fourteenth Amendment because Congress has determined that he "engaged in insurrection or rebellion" and because a majority of the Senate voted to convict him of "Incitement and Insurrection." ECF No. 1 ¶¶ 5–7. And, he alleges, Defendant, appointed to "prepare Presidential election ballots," must give effect to this disqualification by excluding the former President from District of Columbia ballots for the 2024 Presidential election. *Id.* ¶¶ 8, 13. He seeks declaratory judgment to that effect, and an order requiring Defendant to remove the former President from the ballot. *Id.* ¶ 17.

Defendant moves to dismiss, arguing that the Complaint fails to state a claim upon which relief can be granted because the relief requested by Plaintiff is foreclosed by the Supreme Court's decision in *Trump v. Anderson*, 601 U.S. 100 (2024). *See* ECF No. 9-1 at 1–2. In that case, the Supreme Court clarified the enforcement mechanism of Section 3. After examining the text, history, and tradition of Section 3, as well as the Fourteenth Amendment as a whole, the Court held that "responsibility for enforcing Section 3 against federal officeholders and candidates rests with Congress and not the States." *Anderson*, 601 U.S. at 117. And as the Court explained, Section 3 of the Amendment is implemented through Section 5, "which enables Congress . . . to pass 'appropriate legislation' to 'enforce' the Fourteenth Amendment." *Id*. at 109 (citing *City of Boerne*

*v. Flores*, 521 U.S. 507, 536 (1997)). Thus, Congress has the exclusive authority to "give[] effect to Section 3," which it may do through specific congressional legislation. *Id*. at 112, 114. And, Defendant argues, because Congress has passed no such law that has been lawfully enforced against former President Trump, Plaintiff has failed to state a claim. ECF No. 9-1 at 4–6.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies,'" *Allen v. Wright*, 468 U.S. 737, 750 (1984), and standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Court has "an independent obligation to determine whether subject matter jurisdiction exists," even if, as here, no party has raised it. *Arbaugh v. Y&H Corp.*, 564 U.S. 500, 501 (2006). A party invoking the Court's subject-matter jurisdiction has the burden to establish it. *Kokkonen*, 511 U.S. at 377. And if the Court determines that it lacks subject-matter jurisdiction, it must dismiss the case under Federal Rule of Civil Procedure 12(h)(3).

## III.    Analysis

To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560–61). The Court begins and ends with the "first and foremost" of these three

requirements: injury in fact. *Id.* (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998)).[1]

To show an injury in fact, a plaintiff must establish "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (cleaned up). An injury is concrete if it is "real, and not abstract," *Robins*, 578 U.S. at 340 (quotations omitted), and is particular if it "affects the party asserting standing 'in a personal and individual way,'" *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1323 (D.C. Cir. 2013) (quotations omitted). As a result, a plaintiff "raising only a generally available grievance about government," "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws," and "seeking relief that no more directly and tangibly benefits him than it does the public at large" does not have constitutional standing. *Lujan*, 504 U.S. at 573–74. In short, an injury in fact requires a plaintiff to have "a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

Plaintiff seeks to disqualify former President Trump from appearing on the District of Columbia ballots for the 2024 general election. He claims that as a taxpayer and resident of the District of Columbia, he will be injured "by the presence of a disqualified person on the Presidential ballot and by the consequences that may ensue from an insurrectionist holding the highest office in the United States Government." ECF No. 1 ¶¶ 12, 14. Plaintiff's alleged injury is neither concrete nor particularized. It is precisely the sort of "generally available grievance" that courts routinely hold does not confer standing.

---

[1] Defendant also raises a ripeness issue in a footnote in her motion to dismiss. *See* ECF No. 9-1 at 6 n.2. But the Court need not address it because Plaintiff lacks standing.

4

To begin, Plaintiff lacks a concrete injury. As the D.C. Circuit has explained, standing to challenge a candidate's qualification for office is only available to "someone who would obtain the office if the incumbent were ousted." *Sibley v. Obama*, No. 12-cv-5198, 2012 WL 6603088, at *1 (D.C. Cir. Dec. 6, 2012). Indeed, the Circuit held that even when a plaintiff declares his intention to compete as a write-in candidate, that is still insufficient to establish standing. *Id.* Thus, as a mere voter in an election, Plaintiff "does not have a direct legal relationship" with former President Trump such that the former President's candidacy "invade[s] any legally protected interests of the plaintiff[]." *Stencil v. Johnson*, 605 F. Supp. 3d 1109, 1113, 1115 (E.D. Wisc. 2022). Simply put, "an individual citizen does not have standing to challenge whether another individual is qualified to hold public office." *Caplan v. Trump*, No. 23-cv-61628, 2023 WL 6627515, at *2 (S.D. Fla. Aug. 31, 2023); *see also Sibley v. Alexander*, 916 F. Supp. 2d 58, 61 (D.D.C. 2013) ("[Plaintiff's] status as a voter, standing alone, is insufficient to confer standing."). Courts around the country have consistently rebuffed individual voters' attempts to manufacture concrete injuries from the candidacy of allegedly disqualified candidates, including the candidacy of former President Trump.[2]

---

[2] *See, e.g.*, *Castro v. Scanlan*, 86 F.4th 947, 957 (1st Cir. 2023) (no standing to disqualify former President Trump from the ballot even though the plaintiff alleged that he intended to appear on the Republican primary ballot because he failed to show that he was actually "competing with the former President for voters or contributors"); *Castro v. Fontes*, No. 23-cv-1865, 2023 WL 8436435, at *3 (D. Ariz. Dec 5, 2023) (no standing to disqualify former President Trump from the ballot because plaintiff failed to show that he was "genuinely [] competing with the allegedly ineligible candidate"); *Stencil*, 605 F . Supp. 3d at 1117 (no standing to disqualify members of Congress under the Fourteenth Amendment from seeking reelection because plaintiffs' claimed injury of having to expend "time and effort in opposition to the defendants' candidacies for reelection is not the kind of injury in fact that produces standing under Article III"); *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (no standing to challenge former President Obama's eligibility to run as a "natural born citizen" because plaintiff "was not directly injured because he could always support a candidate he believed was eligible").

Plaintiff's purported injury, along with lacking concreteness, is not particularized. *See Lujan*, 504 U.S. at 560. Plaintiff claims that he is entitled to "a President that represents the People of the United States in compliance with the U.S. Constitution." ECF No. 1 ¶ 14. But "[a] generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen." *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) (citing additional cases). Even in a suit brought "for the benefit of the public" a plaintiff "must generally aver an injury peculiar to himself, as distinguished from the great body of his fellow citizens." *Lance v. Coffman*, 549 U.S. 437, 440 (2007) (quoting *Tyler v. Judges of Court of Registration*, 179 U.S. 405, 406 (1900)).

Thus, courts, including in this Circuit, routinely rejected challenges to former President Obama's eligibility to hold office because the plaintiffs lacked standing "due to the absence of particularized injury." *See Guthrie v. Obama*, No. 13-cv-234, 2013 WL 12291726, at *2 (S.D. Ind. May 8, 2013) (collecting cases). As those courts explain, a voter seeking to determine the eligibility of a public official alleges "precisely the sort of injury" that the Supreme Court found insufficient for standing as a "generally available grievance." *Taitz v. Obama*, 707 F. Supp. 2d 1, 3–4 (D.D.C. 2010) (quoting *Lujan*, 504 U.S. at 573). So too here. "Every citizen and voter could claim to have suffered the same injury as [Plaintiff]." *Stencil*, 605 F. Supp. 3d at 1117; *see also Sablosky v. McConnell*, No. 16-cv-2528, 2017 WL 6271562, at *2 (D.D.C. Apr. 3, 2017) ("The plaintiff's purported injury is not distinguishable from that of the potentially millions of voters . . . and is therefore insufficient to confer standing upon him to proceed with this lawsuit."). Plaintiff's status as a resident, voter, or taxpayer, does not provide him "a personal stake in the outcome of the controversy" sufficient to establish standing. *Baker*, 369 U.S. at 204; *see also Perry-Bey*, 2023 WL 9051260, at *4 ("Federal courts across the country have consistently held that individual

citizens do not have Article III standing to challenge whether another citizen is qualified to hold public office.") (collecting cases).

For all these reasons, and consistent with the overwhelming precedent reflected above, the Court finds that Plaintiff lacks a concrete and particularized injury to challenge former President Trump's eligibility for federal office under the Fourteenth Amendment. And because Plaintiff lacks standing to bring suit, the Court must dismiss it sua sponte.

*     *     *

The Court also observes that aside from Plaintiff plainly lacking standing to sue, "[i]n the absence of complete diversity, federal jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Gross v. Wright*, 185 F. Supp. 3d 39, 48 n.5 (D.D.C. 2016) (cleaned up). And a federal question arises "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see also* 28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court is skeptical that Plaintiff has identified in the Complaint any proper federal cause of action.

**IV.   Conclusion**

For all the above reasons, the Court will sua sponte dismiss the case for lack of subject-matter jurisdiction. A separate order will issue.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: July 25, 2024